original jurisdiction by way of a petition for writ of prohibition.

Inasmuch as this matter involves a challenge to the lawfulness of an Administrative Order of the Court of Common Pleas of Berks County, the Administrative Office of the Pennsylvania Courts is directed to provide legal services to the Court of Common Pleas of Berks County and to submit a brief on its behalf in this appeal.

Justice BALDWIN did not participate in the consideration or decision of this matter.

895 A.2d 527

**DEPARTMENT OF GENERAL SERVICES,**

**v.**

**LIMBACH COMPANY and Penn Transportation Services, Inc.,**

**Appeal of Penn Transportation Services, Inc.**

**Department of General Services,**

**v.**

**Cast & Baker Corporation and Penn Transportation Services, Inc.,**

**Appeal of Penn Transportation Services, Inc.**

**Commonwealth of Pennsylvania, Department of General Services,**

**v.**

**The Farfield Company and Penn Transportation Services, Inc.,**

**Appeal of Penn Transportation Services, Inc.**

Supreme Court of Pennsylvania.

Argued Feb. 28, 2006.

Decided March 31, 2006.

### *ORDER*

PER CURIAM.

The Order of the Commonwealth Court is affirmed.

895 A.2d 527

**Robin WEAVER, Petitioner,**

v.

**LANCASTER NEWSPAPERS INC., Intelligencer Journal and Oscar Lee Brownstein, Respondents.**

Supreme Court of Pennsylvania.

April 4, 2006.

### *ORDER*

PER CURIAM.

**AND NOW,** this 4th day of April, 2006, the Petition for Allowance of Appeal is hereby **GRANTED, LIMITED** to the question of whether, under this Court's decision in *O'Donnell v. Philadelphia Record Co.*, 356 Pa. 307, 51 A.2d 775 (1947), Respondent Brownstein's alleged actions in granting permission, in the post-complaint timeframe, to a third party to republish the disputed letter to the editor, constitutes sufficient circumstantial evidence of actual malice for the cause of